**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Abraham TEITELBAUM, Defendant-**
**Appellant.**

**Abraham TEITELBAUM, Plaintiff-**
**Appellant,**

**v.**

**Eugene C. COYLE, Jr., et al., Defendants-**
**Appellees.**

**Nos. 14672, 14673.**

United States Court of Appeals
Seventh Circuit.

Feb. 10, 1965.

Rehearing Denied March 30, 1965.

terest, as to taxpayer's tax liability for 1949, 1950 and 1951. A review was taken to this Court and the decision of the Tax Court was sustained, Teitelbaum v. C. I. R., 7 Cir., 294 F.2d 541. A petition for certiorari was denied, 368 U. S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525.

Within six years of the date of the assessments, the Government brought suit against the taxpayer in the United States District Court for the Northern District of Illinois, Eastern Division. The purpose of this action was to reduce to judgment the Tax Court's deficiency determinations for 1949, 1950 and 1951. The suit also sought to reduce to judgment, assessments which had been made with respect to 1958 and 1961 taxes. Admittedly, one of the objectives of the suit was to obtain a judgment which would thus extend the statutes of limitations.

Taxpayer, who has appeared in these matters pro se, answered with a "special plea." Points raised were that 1) the United States was not the proper party plaintiff; 2) the suit was barred by res judicata or collateral estoppel since the Tax Court had already entered its decision on the same matter; 3) that as a deficiency assessment made against taxpayer's former wife had been abated, he was released on the legal principle that release of one joint obligor releases the others, and 4) that he had not been given proper credit to reflect payments which he had made on the tax liability involved.

The United States moved for summary judgment. The District Court granted the motion but only in part. It denied summary judgment for the years 1958 and 1961. On motion of the Government, the District Court dismissed, without prejudice, the collection action as to the years 1958 and 1961.

In the second case before us, the taxpayer, on May 23, 1963, commenced a suit for an injunction. The suit sought to restrain Coyle, the Chicago District Director of Internal Revenue, and Caplin, the then Commissioner of Internal Revenue, from enforcing collection of

Abraham Teitelbaum, Chicago, Ill., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Jonathan S. Cohen, Atty., Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Lee A. Jackson, Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before DUFFY and CASTLE, Circuit Judges, and GRUBB, District Judge.

DUFFY, Circuit Judge.

Each of these appeals involves federal income taxes together with penalties and interest for the taxable years 1949, 1950 and 1951. On August 23, 1957, assessments were made against taxpayer. For the year 1949, the assessment was for taxes and interest. For the years 1950 and 1951, the assessments included taxes, interest and penalties.

Taxpayer filed an appropriate petition with the Tax Court of the United States. On May 20, 1960, that Court entered its decision holding there were deficiencies in taxes, together with penalties and in-

the 1949, 1950 and 1951 tax liabilities. The complaint further sought an order which, if issued, in effect would have abated the assessments made against him for the stated three year period.

In many respects, the complaint in the second suit is similar to taxpayer's "special plea" in the collection suit. In addition, the complaint contained allegations that the Government was harassing taxpayer, and that the prior Tax Court decision operated as a bar to any subsequent legal action by the Government to collect the taxes due.

In the second suit, the Government moved to dismiss taxpayer's complaint on the grounds 1) neither Messrs. Coyle nor Caplin had been personally served; 2) that Section 7421 of the Internal Revenue Code of 1954 was a bar to injunctive relief, and 3) that the complaint failed to state a claim upon which relief could be granted. On April 10, 1964, the District Court, on the Government's motion, dismissed taxpayer's complaint with prejudice. Thereafter a timely notice of appeal was filed.

■ In the first appeal, we hold that the granting of a summary judgment in favor of the United States was proper. The substantive issues of tax liability for 1949, 1950 and 1951 had been fully litigated in the Tax Court. The decision of the Tax Court had been affirmed by this Court. There were no material issues of fact remaining to be tried. However, the Tax Court lacks the power to order execution, and this, in spite of the fact that its decisions are entitled to have applied the doctrine of res judicata and collateral estoppel. Hence, a suit to reduce the determined deficiencies to judgment was proper.

■ We also overrule the contention of taxpayer that because a jeopardy assessment against the taxpayer's former wife was abated prior to the Tax Court trial, he was thereby released from payment of the tax. It is clear that the taxes, interest and penalties determined to be due by the Tax Court for 1949, 1950 and 1951 were not paid and that taxpayer was not released in any way by virtue of the abatement of the jeopardy assessment against his wife.

We now consider taxpayer's second appeal. Ten days before the Government filed its complaint in this suit to reduce the Tax Court deficiency determinations to judgment, the taxpayer brought suit in the same United States District Court to enjoin the District Director and the then Commissioner of Internal Revenue from collecting the same deficiencies for the years 1949, 1950 and 1951.

■ Taxpayer did not obtain personal service on either defendant Coyle or defendant Caplin who were public officers of the United States Government, in the manner required by Rule 4(d) (5), Federal Rules of Civil Procedure. It appears the complaint was served on the United States Attorney in Chicago but this was not sufficient. Federal Landlords Committee v. Woods (D.C., 1949), 9 F.R.D. 622.

Although the service of process was insufficient, we comment briefly on the merits of the contentions raised by taxpayer. His reliance on Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, is misplaced. In that case, the District Court enjoined the collection of certain social security and unemployment taxes. By a two to one vote, the Court of Appeals affirmed. However, the Supreme Court unanimously reversed, holding the suit for injunction was barred by § 7421(a) of the Internal Revenue Code of 1954. The Enochs case in no way supports taxpayer's contention herein.

■ Furthermore, in addition to seeking an injunction, taxpayer is, in effect, seeking a decree that the assessments against him are invalid. This amounts to a suit seeking a declaratory judgment by means of a collateral attack on the decision of the Tax Court. Declaratory judgments in tax cases are forbidden by 28 U.S.C. § 2201.

We hold the District Court properly granted a motion for summary judgment

establishing taxpayer's liability for the years 1949, 1950 and 1951.

We further hold the District Court properly dismissed with prejudice taxpayer's suit to restrain the collection of the taxes involved in the Government's collection suit.

Affirmed.