EDUCO, INC., Plaintiff-Appellant,

v.

Donald C. ALEXANDER, Commissioner of Internal Revenue, et al., Defendants-Appellees.

No. 76–1852.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 13, 1977.

Decided July 15, 1977.

Paul A. Teschner, Chicago, Ill., for plaintiff-appellant.

Scott P. Crampton, Asst. Atty. Gen., Philip I. Brennan, Atty., Tax Div., Dept. of Justice, Washington, D. C., Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, PELL, and BAUER, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff Educo, Inc., is a corporation which has engaged in the business of designing, implementing and administrating educational benefit plans for corporate employees for over a decade. On September 2, 1975, defendant Commissioner of Internal Revenue issued Technical Information Release (TIR) 1406, subsequently republished as Revenue Ruling 75–448 (1975–2 C.B. 55), which significantly changed the tax status of the transactions involved in educational benefit plans. As a result of the Ruling, clients and potential clients of Educo, Inc. cancelled or threatened to cancel existing and proposed Educo Plans.

On October 28, 1975, Educo filed its complaint under various sections of the United States Code, including 5 U.S.C. §§ 701–706, and asked, *inter alia*, that the Commissioner of Internal Revenue and co-defendant Secretary of the Treasury be enjoined from implementing TIR 1406. On May 21, 1976, the district court granted the Government's motion to dismiss the action on the ground that it lacked jurisdiction over the subject matter because of the provisions of the Anti-Injunction Act, 26 U.S.C. § 7421(a). It is from this dismissal order that Educo appeals.

The plans created by Educo (Educo Plans) are funded by corporate contributions to a trust fund administered by plaintiff. The funds are distributed to the participating corporation's key employees for educational expenses when an employee's eligible child enters college. No employee has an option to receive anything of value in lieu of his child's eligibility under a plan.

At an early stage of Educo's development, its accountants requested private letter rulings from the IRS to determine whether the employer's contributions to the trusts constituted ordinary and necessary business expenses and hence were deductible under Section 162 of the 1954 Internal Revenue Code, 26 U.S.C. § 162. Two of Educo's clients received such rulings in July 1968 and in August 1971 (Government's Br. App. B). In both cases, the plans qualified for deductions under Section 162, but current deductibility was not mentioned. On April 23, 1974, a Technical Advice Memorandum was issued by the Internal Revenue Service concerning the income tax consequences of a plan designed for another Educo client, Hamlin, Inc.[1] Once again the IRS opined that payments made to the trust were deductible as ordinary and necessary business expenses to the employer, but adding "in the year the payments are made to the trust". In this Memorandum, however, it was also noted that the plan was part of the pattern of employment at Hamlin, Inc. and that the payments made thereunder were compensation for services rendered. As a consequence of this Memorandum, the IRS assessed deficiencies against those employees of Hamlin who had received benefits under the plans. Three of these individuals unsuccessfully challenged the assessments in the United States Tax Court.[2]

While the employees' cases were pending, the IRS issued TIR 1406, which announced the pending publication of Revenue Ruling 75–448. This Ruling described the terms of an Educo-type plan and indicated that such a plan constituted deferred compensation. In addition, it stated that amounts contributed by the employer would be deductible only in the taxable year in which an amount attributable to the contribution would be included in the gross income of those employees on whose behalf the contributions had been made, as provided in Section 404(a)(5) of the Internal Revenue Code.

Although private letter rulings cannot be relied on by other taxpayers, *Weller v. Commissioner*, 270 F.2d 294, 299 (3d Cir. 1959), *cert. denied*, 364 U.S. 908, 81 S.Ct. 269, 5 L.Ed.2d 223, and Revenue Rulings do not have the force and effect of Treasury Regulations, *Kaiser v. United States*, 262 F.2d 367, 370 (7th Cir. 1958), *aff'd*, 363 U.S. 299, 80 S.Ct. 1204, 4 L.Ed.2d 12, 33, plaintiff contends that its clients, and others, viewed Revenue Ruling 75–448 as having the force of law. Because Educo, Inc., a once thriving business, virtually disintegrated as a result of Revenue Ruling 75–448, it sought an order compelling the Government to withdraw or modify its Ruling pending the disposition of the aforementioned Tax Court cases. Its attempt failed because the district court dismissed the action for lack of subject matter jurisdiction on May 21, 1976, long before the Tax Court cases were decided.

The pertinent phrase of the Anti-Injunction Act (26 U.S.C. § 7421(a)) upon which the district court based its decision is quite clear: "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person * * *." Although a literal reading of the statute would require summary affirmance of the lower court's decision, plaintiff argues that the Anti-Injunction Act is not applicable to this case or,

---

1. Technical Advice Memoranda are prepared in response to an inquiry by a District Director as to the treatment of a specific set of facts relating to a named taxpayer. *Tax Analysts & Advocates v. Internal Revenue Service*, 164 U.S.App.D.C. 243, 505 F.2d 350, 355 (1974).

2. Their cases were pending at the time this action was filed and ultimately argued on appeal. The three cases were consolidated for trial, briefing and opinion. The Tax Court rendered its decision in the Commissioner's favor on March 23, 1977. See *Richard T. Armantrout*, 67 T.C. 996, now on appeal to this Court.

alternatively, if it is applicable that the exception to the Act created in *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, has been satisfied.

■ Educo's first argument that the Anti-Injunction Act is not applicable is based on the theory that the relief it seeks is not "to enjoin the assessment or collection of any federal tax." Rather, Educo wants the Internal Revenue Service to withdraw or modify its Revenue Ruling and thus to assure Educo's clients of advance assurance of deductibility as they make payments to Educo. Plaintiff's purported goal is not to obstruct revenue collecting but instead to maintain Educo's financial viability.

This attempt on the part of Educo to define the relief it seeks in terms permitted by the Anti-Injunction Act ignores the ultimate deleterious effect such relief would have on the Government's taxing ability. If Educo were successful in obtaining an injunction, numerous taxpayers would benefit by receiving a reduction of their tax liability. Indeed, Educo would not be interested in obtaining injunctive relief if that relief did not effectively restrain the taxation of its clients under Revenue Ruling 75–448. While the end sought by this action is not directed expressly at assessments, the means to the end, *i. e.,* the withdrawal of the Revenue Ruling, would have this result. Therefore, Educo's argument that this suit is not precluded by the Anti-Injunction Act must be rejected. *Koin v. Coyle*, 402 F.2d 468, 469 (7th Cir. 1968).

■ Educo suggests, however, that the plain meaning of Section 7421(a), which bars suits "by any person, whether or not such person is the person against whom

such tax was assessed," was intended only to prohibit affected taxpayers from suing and not neutral third parties. This argument is contrary to the statutory language. In *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 760, 94 S.Ct. 2053, 40 L.Ed.2d 518, the Supreme Court indicated that the Anti-Injunction Act is "triggered" when a suit to enjoin the assessment or collection of taxes is filed. The action itself, regardless of the plaintiff's status, touches off jurisdiction. Moreover, in *Bob Jones University v. Simon*, 416 U.S. 725, 731–732, n. 6, 94 S.Ct. 2038, 40 L.Ed.2d 496, the 1966 addition to the Act of the aforesaid phrase was interpreted as a reaffirmation of the literal meaning of Section 7421(a).

Educo is in substantially the same situation as were the plaintiffs in *Bob Jones, "Americans United"* and *Cattle Feeders Tax Committee v. Shultz*, 504 F.2d 462 (10th Cir. 1974), a recent decision virtually on all fours with this case.[3] In those cases, plaintiffs were third parties who alleged a serious injury because taxpayers were adversely affected by an IRS ruling. In each case, the Anti-Injunction statute was held applicable, regardless of the allegations of irreparable harm. Because there is no reason to distinguish this case from these earlier decisions, we hold that Educo is a "person" as defined in Section 7421(a) and that it governs this case. To decide otherwise would be to defeat the Act's purpose to protect the Government from excessive judicial intervention in its revenue-collecting function.[4]

Educo's second argument is that even if the action is controlled by Section 7421(a), it is within the judicially created *Williams Packing* exception to the Act. In *Williams Packing*, considered the "capstone to judicial construction of the Act" (*Bob Jones University, supra* 416 U.S. at 742, 94 S.Ct.

---

**3.** *Cf. International Tel & Tel. Corp. v. Alexander*, 396 F.Supp. 1150, 1156–58 (D.Del.1975).

**4.** Educo's suggestion that in *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450, the Court expressly reserved the question whether or not a third party may ever challenge IRS treatment of another misstates the case. There the Court held

that the plaintiff, an organization dedicated to promoting access of the poor to health service, lacked standing to bring the suit because its injury was "abstract" and "speculative." The question of the applicability of the Anti-Injunction Act was not reached. *Id.* at 37, 96 S.Ct. 1917.

at 2048), the Supreme Court held that an injunction could be entered upon a showing of two factors: 1) under no circumstances could the Government ultimately prevail; and 2) a basis for equity jurisdiction exists. *Williams Packing, supra*, 370 U.S. at 6–7, 82 S.Ct. 1125. Educo contends that it has satisfied both requirements.

Educo's primary complaint about the district court's adverse holding is that by failing to decide the merits of the substantive question presented, the court could not have decided whether or not the Government might prevail. Educo points to the following determination by the district court as proof that its analysis was incomplete:

"In the case at bar, neither the allegations in the complaint, nor the language of Section 404(a)(5) of the Internal Revenue Code upon which the ruling was based suggests that the position taken by the Government did not represent a good faith effort to enforce the technical requirements of the tax laws. *Bob Jones University v. Simon*, 416 U.S. 725 [94 S.Ct. 2038, 40 L.Ed.2d 496] (1974)." (Transcript of May 21, 1977, at 6).

Educo believes that this statement indicated that the court accepted the IRS's administrative ruling as conclusive without giving adequate attention to the numerous arguments and theories presented in Educo's brief.

■ While it is true that Educo was denied an extensive hearing on the merits, this is not to say that it was denied a sufficient hearing on the first prong of the *Williams Packing* exception. This criterion for determining jurisdiction is " * * * not to try out the validity [of the Revenue Ruling] * * * but to determine if there is any basis upon which * * * [the IRS's position] can be upheld." *Cattle Feeders, supra*, at 465. This the court clearly did prior to rendering its final decision. The record discloses that the Government's motion to dismiss was accompanied by a memorandum in excess of fifteen pages. In addition, a memorandum in opposition to this motion was filed by Educo

months prior to the district court's ruling on the motion. Certainly the plaintiff was given ample opportunity to show that the Government could not prevail, and in this respect Educo failed.

Having faulted the judge for not considering its contentions, Educo next argues that it was not afforded the opportunity to prove its case. To substantiate its claim it cites *Commissioner v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278. In *Shapiro* the Court refused to consider the conclusory administrative findings of the IRS as sufficient to establish whether or not the Government had any chance of ultimately prevailing. In doing so, the Court reiterated the *Williams Packing* requirement that the question be resolved on the basis of the information available to the Government at the time of the suit. *Williams Packing, supra*, 370 U.S. at 7, 82 S.Ct. 1125. Since the necessary information was in the possession of the Government in *Shapiro*, it was therefore the Government's responsibility to make it available to the court. Significantly, the Supreme Court noted that its decision was not intended to shift to the defendant the ultimate burden of proving the *Williams Packing* "under no circumstances" test. *Shapiro, supra*, 424 U.S. at 628–629, 96 S.Ct. 1062.

In the instant case the alleged conclusions of the IRS were based on prior interpretations of tax law; the information necessary to refute them was equally in plaintiff's hands. *Shapiro* is clearly distinguishable. There the IRS's conclusions were based on unsubstantiated factual allegations that the taxpayer had failed to pay taxes on income derived from illegal drug activities; the critical evidence was uniquely available to the Government. Further, the "breathing time" which was afforded Educo in the district court to respond to the Government's argument is in sharp contrast to the summary action involved in the jeopardy assessment against Shapiro. See 26 U.S.C. §§ 6861 *et seq.*

■ Educo's attempt to have this Court resolve the merits of the underlying tax

dispute is futile.[5] Having established that there is a basis in the record for the district court's decision, this Court of course will not reverse. Educo Plans are clearly characterizable as deferred-compensation plans, and it cannot be seriously claimed that under no circumstances can the Government prevail in applying to these plans the section of the Internal Revenue Code that controls the employer's taxation under plans that defer the receipt of compensation. 26 U.S.C. § 404(a)(5). The correctness of the lower court's denial of subject matter jurisdiction is reinforced by the Government's victory in the related Tax Court cases (note 2 *supra*).

Having determined that the plaintiff has failed to meet its burden of proof as to the "under no circumstances" test, it is unnecessary to consider its second argument that there is a basis for equity jurisdiction, for both considerations are *sine qua nons* for the entering of an injunction. *Williams Packing, supra*, 370 U.S. at 6–7, 82 S.Ct. 1125.

■ In addition to injunctive relief, Educo also sought a judicial determination that TIR 1406 and Revenue Ruling 75–448 are inconsistent with the Internal Revenue Code and therefore invalid. The district court found it unnecessary to reach this issue, but it is clear that relief under the Declaratory Judgment Act is barred by the Federal tax exception to that Act. See 28 U.S.C. § 2201; *United States v. Teitelbaum*, 342 F.2d 672, 674 (7th Cir. 1965), *cert. denied*, 382 U.S. 831, 86 S.Ct. 71, 15 L.Ed.2d 75.

AFFIRMED.

**5.** The thrust of plaintiff's arguments is that since the parent-employee merely generated income and the child was its recipient, the child should pay the taxes on it. Further, such income should not be taxable to the parents because the payments to the child did not relieve the parents of their obligation to educate their children. (Br. 26–59). Finally, employers should be allowed current deductibility of funds they contribute under Educo plans (Br. 7).