Kevin E. **KRZYSKE,** Plaintiff,

v.

**COMMISSIONER OF INTERNAL REVENUE.**

Civ. A. No. 81–60223.

United States District Court, E. D. Michigan, S. D.

Sept. 26, 1982.

---

There is no allegation that either the surgery or the post operative procedures were negligently performed. Nor is there an allegation that defendant failed to warn Mr. Roll about the consequences of any post operative procedure.

Therefore the entire history, treatment and surgery are not being treated as a whole. Plaintiffs have limited their complaint to a theory of informed consent with regard to a specific operation.

Kevin E. Krzyske, pro se.

Jay A. Nathanson, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on defendant Commissioner of Internal Revenue Service's motion to dismiss. For the reasons given below the motion is granted.

### FACTS

The plaintiff Kevin E. Krzyske sought an exemption from the social security system as provided in 26 U.S.C. § 1402(h). Section 1402(h) allows an exemption for self-employed individuals who belong to a religious sect that is opposed to accepting public or private disability insurance benefits. Before granting the exemption, the Secretary of Health, Education and Welfare must determine whether the religious sect in question actually has established tenets or teaches that accepting benefits is wrong and whether it is the practice of that religious sect to make provision for their dependent members. To qualify for the exemption, the taxpayer must also waive all benefits of the social security system. Mr. Krzyske filed the necessary form with the Internal Revenue Service and agreed to waive all benefits as required. The exemption was denied.

The plaintiff then brought this action against the Commissioner of the Internal Revenue Service claiming that the exemption was wrongfully denied and requesting a refund of monies withheld, exemplary damages, and injunctive relief. The complaint alleged conversion and violations of due process and religious freedom. The defendant has now moved for a dismissal on the grounds that the action is barred by the doctrine of sovereign immunity and that the Commissioner of Internal Revenue is absolutely immune from damage liability for any torts committed within scope of his duties as a federal executive official.

## DISCUSSION

Despite the fact that the Commissioner is the named defendant in this action, the relief requested would actually operate against the United States. The United States, of course, cannot be sued unless it has waived its sovereign immunity.

■ The United States has granted the district courts jurisdiction for actions by taxpayers for tax refunds. 28 U.S.C. § 1346(a)(1). To maintain such an action, however, the taxpayer first must timely file a claim for refund with the IRS, setting forth in detail the basis for the claim. 26 U.S.C. § 7422. Mr. Krzyske does not allege that he filed such a claim for refund and upon inquiry it appears that he in fact did not file a claim. Consequently, this court lacks jurisdiction to hear the claim for a refund.

■ The court is also unable to give injunctive or declaratory relief in a suit of this kind. Section 7421 of the Internal Revenue Code expressly prohibits suits brought for the purpose of "restraining the assessment or collection of any tax." 26 U.S.C. § 7421. To avoid the literal application of this section, the taxpayer must show certainty of success on the merits and irreparable harm. *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). Neither element is met in this case.

■ The Declaratory Judgments Act, 28 U.S.C. § 2201, also provides no basis for relief in a tax suit. *See, e.g., Horne v. United States,* 519 F.2d 51 (5th Cir. 1975); *United States v. Teitelbaum,* 342 F.2d 672 (7th Cir.), *cert. den.,* 382 U.S. 831, 86 S.Ct. 71, 15 L.Ed.2d 75 (1965).

■ The plaintiff also seeks damages in tort against the Commissioner. The Federal Tort Claims Act specifically bars any claim based on an act or omission of a government employee exercising due care in carrying out a regulation and any claim based on the performance of a discretionary function by the agency or employee. 28 U.S.C. § 2680(a). This section further bars any claim arising in the assessment or collection of any tax. 28 U.S.C. § 2680(c).

The present action clearly arises out of the assessment or collection of a tax. In denying the exemption the Commissioner or his agents were acting within the scope of their authority and, therefore, are absolutely immune from common law liability in tort. *Granger v. Marek,* 583 F.2d 781 (6th Cir. 1978). Accordingly, Count I is dismissed.

■ Counts II and III of the plaintiff's complaint allege violations of the right to due process and freedom of religion under *Bivens v. Six Unknown Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Immunity is also an issue with respect to the claims of constitutional violations. The court is unwilling to hold, on the record before it, that the Commissioner of the Internal Revenue is entitled to absolute immunity. *See Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Even if the Commissioner is entitled to only a qualified immunity, however, the test established in *Harlow v. Fitzgerald* protects the defendant in this action. In *Harlow* the Supreme Court said that governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person should have known.

In the present case the Commissioner was following procedures established pursuant to the statute which allows an exemption from the social security system for persons meeting certain requirements. The Commissioner determined that the plaintiff was not entitled to the exemption and, on the facts presented, the decision was not clearly erroneous. The plaintiff challenges the decision on due process and first amendment grounds. With respect to due process, the plaintiff could have obtained a review of the decision by requesting a refund and pursuing remedies available under the Internal Revenue Code. With respect to the freedom of religion claim, the Commissioner had no reason to believe that taxing the plaintiff would violate his constitutional rights. The constitutionality of the social

security tax has recently been upheld by the Supreme Court in an action by an Amish employer seeking exemption from the tax. *United States v. Lee,* —— U.S. ——, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982). In *Lee* the Court held that the governmental interest in taxing is of such a high order that "religious belief in conflict with the payment of taxes affords no basis for resisting the tax." *Id.,* at ——, 102 S.Ct. at 1056.

■ The plaintiff has made one collateral constitutional argument in his brief challenging the social security tax as an invalid direct tax. This argument has little merit. As applied to individuals, the social security tax is considered a tax on income. *See Avis Rent A Car System, Inc. v. United States,* 364 F.Supp. 605 (E.D.N.Y.1973), *rev'd on other grounds,* 503 F.2d 423 (1974). As an income tax it is exempt under Amendment XVI from the rule of apportionment set forth in Article I, Section 2, of the Constitution.

The plaintiff has failed to show that the actions of the Commissioner in denying the exemption were clearly erroneous as required by *Harlow v. Fitzgerald, supra,* and, therefore, Counts II and III of the complaint must be dismissed.

■ Finally, the plaintiff requests leave to amend the complaint. While leave to amend is liberally granted under normal circumstances, Fed.R.Civ.P. 15, the court finds that there is little point in granting the request in this case. The plaintiff has supplied the court with all of the documents relating to his request for exemption and there is nothing showing that he requested a refund from the IRS. The only way a taxpayer can obtain review of a decision by the Internal Revenue Service is to follow the procedures under 28 U.S.C. § 1346 and 26 U.S.C. § 7422. These sections require payment of the tax and request for refund according to the procedures in the regulations. These are jurisdictional prerequisites and this court may not hear the plaintiff's claims absent compliance. Since there is no evidence that the plaintiff did comply with the procedures outlined above, there is no point in granting leave to amend the complaint.

The defendant's motion to dismiss is granted and the plaintiff's motion for leave to amend is denied. Accordingly, this action brought against the Commissioner of Internal Revenue is dismissed with prejudice.

So ordered.