895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dwight PURK, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Nancie Ferguson, Bill Roll, Edward
C. Heinz, W. Bird, Patrick J. Ruttle, Jack Chivatero, Dist.
Dir. IRS, Joseph W. Budd, Roger Craig, George Leedon, Philip
W. Huecker, Agent, Defendants-Appellees.
 No. 89-3811.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1990.
 
 1
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 This pro se tax protester has filed a motion for appointment of counsel, a motion for recusal of federal judges, a motion for an explanation of his tax liability, and a motion for review in his appeal from the district court's judgment dismissing his complaint for lack of subject matter jurisdiction. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed against the United States, the Internal Revenue Service, and eight agency employees, Purk challenged alleged tax deficiencies for tax years 1981 through 1985. He sought to compel defendant agents to appear in court to explain the basis for the alleged tax liability. He asserted that he had filed no returns and that the tax assessments and resulting levy on his wages were fraudulent. Purk asserted equity jurisdiction in the district court and requested monetary and injunctive relief.
 
 
 4
 Upon review we conclude that the district court properly dismissed the action for lack of subject matter jurisdiction.
 
 
 5
 A taxpayer who wishes to challenge an alleged deficiency may file a petition for redetermination in the Tax Court. 26 U.S.C. Sec. 6213. Alternatively, the taxpayer may pay the assessment and seek a refund through administrative channels; after exhausting administrative remedies, the taxpayer may file a complaint in federal district court. 26 U.S.C. Sec. 7422. Because Purk did not comply with the requirements of the statute, the district court lacked subject matter jurisdiction to review his claims.
 
 
 6
 To the extent Purk seeks injunctive relief, he faces a statutory bar. The Anti-injunction Act expressly provides jurisdiction in the Tax Court. 26 U.S.C. Sec. 7421. Moreover, Purk is not entitled to equitable jurisdiction on grounds of the hardships which his family must endure. Because other courts have rejected similar claims, see, e.g., Martin v. Commissioner, 756 F.2d 38, 40 (6th Cir.1985) (rejecting the "not a taxpayer" argument), he is unable to demonstrate that the government would not ultimately prevail. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). Additionally, Purk did not demonstrate the lack of a judicial forum. See Bob Jones Univ. v. Simon, 416 U.S. 725, 746 (1974).
 
 
 7
 The claims against the Internal Revenue Service (IRS) were properly rejected on jurisdictional grounds because the IRS is not independently suable. See Krouse v. United States, 380 F.Supp. 219, 221 (C.D.Calif.1974). Claims against the IRS are essentially claims against the United States, see Rochefort v. Gibbs, 696 F.Supp. 1151, 1152 (W.D.Mich.1988), and as such were properly dismissed.
 
 
 8
 Purk's claims against individual defendants were properly dismissed. Purk did not allege conduct outside the scope of their official duties, a prerequisite to establishing individual liability. See 28 U.S.C. Sec. 2679(b)(1). As apparent claims against the government, these claims were properly dismissed for lack of jurisdiction.
 
 
 9
 Finally, Purk's motion to recuse all federal judges is not well taken. Grounds asserted by Purk fail to meet the standard for recusal. See Easley v. University of Mich. Bd. of Regents, 853 F.2d 1351, 1355-56 (6th Cir.1988).
 
 
 10
 Accordingly, all pending motions are denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. We find this appeal to be frivolous and therefore impose double costs upon the appellant under Rule 38, Federal Rules of Appellate Procedure.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation