**Edmund J. BAJENSKI, Plaintiff,**

v.

**Jack P. CHIVATERO, etc., Defendant.**

**No. 1:92CV1973.**

United States District Court,
N.D. Ohio, E.D.

March 31, 1993.

John G. Quillin, Cuyahoga Falls, OH, for plaintiff.

Annette G. Butler, Asst. U.S. Atty., Cleveland, OH, Leslie M. Singer, Dept. of Justice, Washington, DC, for defendant.

### MEMORANDUM OF OPINION AND ORDER

MATIA, District Judge.

This action is before the Court upon plaintiff's Memorandum in Response to Court's Order to Show Cause (Doc. # 14). On January 7, 1993, the Court issued an Order (Doc. # 12) that required that plaintiff show cause why this case should not be dismissed pursuant to Fed.R.Civ.P. 12 for failure to show that this action falls within a statutory or judicial exception to § 7421(a) of the Internal Revenue Code, commonly called the Anti–Injunction Act. For the reasons discussed below, the Court will dismiss the within matter for lack of subject matter jurisdiction.

In a complaint filed on September 24, 1992, against the District Director of the Internal Revenue Service for the Northern District of Ohio, plaintiff-taxpayer challenges the March, 1989 assessments, penalties and interest (exceeding $250,000.00) for failing to pay Federal Unemployment Tax and to file Employer's Quarterly Federal Tax Returns for 1986, 1987 and 1988. Complaint at ¶ 14. He asserts equity jurisdiction and seeks to enjoin the collection of the assessments, penalties and interest [1], and requests that "[t]he Employers Quarterly Federal Tax and the Federal Unemployment Tax statutes be adjudged illegal and invalid as applied to Plaintiff for the tax years 1986, 1987 and 1988." *Id.*

A taxpayer who desires to challenge an alleged deficiency may file a petition for redetermination in the Tax Court without paying a cent, thereby enabling him to contest his liability for the deficiency before an assessment is made or collection efforts ensue. *See* 26 U.S.C. § 6213. Bajenski does not express why he waived his right to file a petition for redetermination of the assessment. The Court concludes that the absence of a remedy at law at this time is due to plaintiff's failure to pursue that remedy. *Commissioner of Internal Revenue v. Shapiro,* 424 U.S. 614, 634 n. 15, 96 S.Ct. 1062, 1074 n. 15, 47 L.Ed.2d 278 (1976) [2]; *Laino v. United States,* 633 F.2d 626, 631 (2d Cir. 1980); *Petrie v. C.I.R.,* 686 F.Supp. 1407, 1414–16 (D.Nev.1988).

---

1. Paragraph 18 of the complaint states:

   The injunctive relief herein prayed is not precluded by 26 U.S.C. § 7421(a) because the assessment is illegal and void, and enforcement of the tax against Plaintiff would ruin Plaintiff financially and would inflict losses for which Plaintiff has no adequate remedy at law. Plaintiff's motion for temporary restraining order filed on October 5, 1992 was withdrawn.

2. *Shapiro* presented questions relating to the scope of the Anti–Injunction Act in the context of a summary seizure of a taxpayer's assets pursuant to a jeopardy assessment and levy pursuant to 26 U.S.C. §§ 6861, 6331. *Id.* at 616–17, 96 S.Ct. at 1065–66. The Supreme Court held that § 7421(a) was inapplicable because the Government had made no disclosure as to whether the assessment had a basis in fact and it further appeared that, because the taxpayer was being

The idea that bypassing legal avenues of redress constitutes a disqualifying factor is no stranger to this area of the law. Indeed, as the Supreme Court recognized in *Shapiro,* 'If [it appears] that the absence of a remedy at law at this time is due to [plaintiff's] failure to pursue that remedy, then equity will not intervene and the complaint should be dismissed.' *Shapiro, supra,* 424 U.S. at 634, n. 15, 96 S.Ct. at 1074 [n. 15]. Only when 'it has been impossible—despite the [plaintiff's] best efforts—to obtain a decision' at law should plaintiff be permitted to overcome the anti-injunction bar and pursue the drastic alternative of equitable relief. *Id.*

*Smaldone v. Kurtz,* 450 F.Supp. 1138, 1140 (D.D.C.1978).

Alternatively, the taxpayer may pay the assessment and seek a refund through administrative channels. A taxpayer may file a complaint in federal district court after exhausting his administrative remedies. *See* 26 U.S.C. §§ 6511(a) and 7422. Because Bajenski did not follow the statutory requirements, the Court holds that it lacks subject matter jurisdiction to review his claims. *Purk v. Internal Revenue Service,* No. 89–3811, 1990 WL 10692, at *1, 1990 U.S.App. LEXIS 1984, at *2 (6th Cir. Feb. 9, 1990).

■ If the taxpayer fails to timely file a Tax Court petition, the Anti–Injunction Act [3], renders him powerless to impede the collection efforts of the Internal Revenue Service ("IRS"), and his only recourse is to pay the tax in full and then contest the merits in a refund action. *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Bob Jones University v. Simon,* 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974); *South Carolina v. Regan,* 465 U.S. 367, 376, 104 S.Ct. 1107, 1113, 79 L.Ed.2d 372 (1984). "If he permits his time for filing

such an appeal to expire, he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations." *Flora v. United States,* 362 U.S. 145, 175, 80 S.Ct. 630, 645–46, 4 L.Ed.2d 623 (1960).

Bajenski maintains that he now lives with his wife in housing provided by his children. "The weight of the IRS assessment precludes any efforts on his part to better his situation financially, both for himself and his family." Memorandum at 4. However, Bajenski is not entitled to equitable jurisdiction due to these hardships. *Purk, supra,* at *2.

The Supreme Court has recognized two limited judicial exceptions to the Anti–Injunction Act. *First,* only upon proof of the presence of two factors can the literal terms of 26 U.S.C. § 7421(a) be avoided: (1) certainty of success on the merits, and (2) collection would cause irreparable harm, the essential prerequisite for injunctive relief in any case. *Williams Packing, supra,* 370 U.S. at 6–7, 82 S.Ct. at 1128–29. *Second,* the Act does not apply to parties for whom Congress has not provided an alternative forum in which to litigate their claims. *Regan, supra,* 465 U.S. at 373, 104 S.Ct. at 1111. [4]

■ The Court finds that plaintiff has failed to satisfy either prong of the narrow exception enunciated in *Williams Packing, supra.* Bajenski admits that he must show certainty of success on the merits in order to take advantage of the first judicial exception to the Anti–Injunction Act. Memorandum at 5. He has failed to demonstrate that under no circumstances could the Government prevail with respect to the collection of the tax assessed. The fact that an assessment is allegedly based on an IRS agent's erroneous view of the law or of the facts does not relieve a taxpayer of the burden of establishing facts from which a proper determination can be made. *Donovan v. Maisel,* 559

---

extradited to another country, he would be irreparably injured because he would have no opportunity to later contest the validity of the assessment in the Tax Court or in a suit for a refund. *Id.* at 623, 96 S.Ct. at 1068–69.

**3.** It appears from the complaint as well as the memorandum that plaintiff is not attempting to meet the requirements of any of the statutory exceptions enumerated in the Anti–Injunction

Act. 26 U.S.C. § 7421(a). *See* Complaint at ¶ 3 and Memorandum at 5. Section 7421(a) provides in pertinent part:

[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person....

**4.** It also appears from the memorandum that plaintiff is not asserting that he comes within this judicial exception.

F.Supp. 171, 173 (D.Del.1982). Moreover, the consequences of a tax assessment are analogous to a court-entered judgment which has the presumption of administrative regularity, and by which governmental officers are deemed to have acted reasonably and according to law. *Bull v. United States,* 295 U.S. 247, 260, 55 S.Ct. 695, 699–700, 79 L.Ed. 1421 (1935); *Petrie, supra,* at 1413. Even assuming *arguendo* that Bajenski has met the first prong, as discussed earlier, the absence of a remedy at law at this time is due to plaintiff's failure to seek a redetermination in the Tax Court.

Plaintiff asserts that he has not been afforded the opportunity for discovery. Memorandum at 5 and 7. The Anti–Injunction Act, however, does not contemplate requiring a full-term case in order to ascertain whether a request for injunctive relief should be heard. In *Shapiro, supra,* the Supreme Court refused to consider the conclusory administrative findings of the IRS as sufficient to establish whether the Government had any chance of ultimately prevailing. Since the necessary information was in the possession of the Government, it was therefore the Government's responsibility to make it available to the court. The IRS's conclusions were based on unsubstantiated factual allegations that the taxpayer had failed to pay taxes on income derived from illegal drug activities; the critical evidence was uniquely available to the Government. *Educo, Inc. v. Alexander,* 557 F.2d 617, 621 (7th Cir.1977). *Shapiro* is clearly distinguishable. In the case at bar, the information necessary to refute defendant's alleged erroneous view of the law or of the facts is equally in Bajenski's hands.[5]

In addition to injunctive relief, Bajenski also requests that the Employers Quarterly Federal Tax and the Federal Unemployment Tax statutes be adjudged illegal and invalid as applied to him for the tax years 1986, 1987 and 1988. The Court finds it unnecessary to reach this issue upon the grounds that relief under the Declaratory Judgment Act is barred by the Federal tax exception to that Act. *See* 28 U.S.C. § 2201[6]; *United States v. Teitelbaum,* 342 F.2d 672, 674 (7th Cir. 1965), *cert. denied,* 382 U.S. 831, 86 S.Ct. 71, 15 L.Ed.2d 75 (1965); *Krzyske v. C.I.R.,* 548 F.Supp. 101, 103 (E.D.Mich.1982), *aff'd without op.,* 740 F.2d 968 (6th Cir.1983).

Although a district court has the power to dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted, it may not properly do so without giving plaintiff adequate notice and an opportunity to be heard. *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (citing *Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir.1988); 5A C. Wright & A. Miller, *Federal Practice and Procedure,* § 1357, at 301 (1990)). A Court may also grant judgment on the pleadings *sua sponte* when, "after the pleadings are closed,"[7] the court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment. *Flora v. Home Federal Sav. and Loan Ass'n,* 685 F.2d 209 (7th Cir.1982) (citing *Friedman v. Washburn Co.,* 145 F.2d 715, 717 (7th Cir.1944)). Accordingly,

The Court will dismiss the complaint in the within matter for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

IT IS SO ORDERED.

---

**5.** Bajenski alleges that he has exhausted the administrative process within the IRS. Complaint at ¶ 17.

**6.** The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in pertinent part:

In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.... (Emphasis added.)

**7.** Defendant asserts the following affirmative defense in its answer (Doc. # 11):

This action is barred by the doctrine of equitable estoppel, pursuant to *Elbo Coals, Inc. [v. United States],* 763 F.2d 818 (6th Cir.1985). The plaintiff previously agreed to resolve the issue contained in this complaint with regard to his tax liability by executing an agreement with the Internal Revenue Service; the Internal Revenue Service was prejudiced thereby because it made concessions in the agreement with the plaintiff, and the time limit for additional assessments against the plaintiff for the tax years at issue has expired.