In re Robert S. MICKENS, Debtor.

Robert S. MICKENS, Plaintiff,

v.

UNITED STATES, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 95–3368. Related No. 95–33262

United States Bankruptcy Court, N.D. Ohio, Western Division.

May 6, 1997.

Elizabeth A. Vaughan, Toledo, OH, for Plaintiff.

Stacy Hallett, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Motions for Summary Judgment filed by both the Plaintiff and Defendant. This Court has reviewed the arguments of counsel, exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be denied, and that the Defendant's Motion for Summary Judgment should be granted.

## FACTS

The following facts are stipulated by the parties. At issue in this case is Debtor's tax liabilities for years 1980 through 1982. The United States Internal Revenue Service (hereafter "IRS") stipulated that the 1983 and 1984 tax liabilities are dischargeable.

It is undisputed that Plaintiff failed to timely file tax returns for the years 1980 through 1982. Pursuant to its procedures, the IRS prepared substitute returns. The Plaintiff did not assist in the preparation of the substitute returns, nor did they bear his signature. On April 2, 1985, the IRS assessed the Plaintiff's 1980 through 1982 tax liabilities. It was not until September 17, 1992, the Debtor filed 1040 forms for these years.

On December 20, 1995, the Plaintiff filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. Plaintiff received a discharge of his dischargeable debts on April 15, 1996, and the bankruptcy case was subsequently closed.

On December 26, 1996, Plaintiff filed the present Complaint to Determine Dischargeability, asserting that the tax liabilities at issue herein were discharged in his bankruptcy case. Both the Plaintiff and the IRS have filed Motions for Summary Judgment, which are the subject of this Opinion.

## LAW

The Bankruptcy Code, 11 U.S.C. § 101 et seq., provides in pertinent part:

**11 U.S.C. § 507. Priorities**

(a) The following expenses and claims have priority in the following order:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition[.]

**11 U.S.C. § 523. Exceptions to Discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this section does not discharge an individual debtor from any debt—

(1) for a tax or customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not such claims were filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax[.]

## DISCUSSION

Determinations concerning the Dischargeability of particular debts are core proceedings pursuant to 28 U.S.C. § 157(b). Thus, this case is a core proceeding.

This case is presented to the Court upon Motions for Summary Judgment of both the Plaintiff and Defendant. A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). See also *In re Bell,* 181 B.R. 311 (Bankr.

N.D.Ohio 1995). Where the facts of the case are undisputed, summary judgment is appropriate. *Featsent v. City of Youngstown,* 70 F.3d 900, 903 (6th Cir.1995).

The parties do not dispute the facts of this case. Rather, the parties urge this Court to reach different conclusions based on different interpretations of the law. Therefore, the Court finds there is no genuine issue of material fact that would prevent the entry of Summary Judgment for the party prevailing on the question of law presented by their respective motions. See *Gillespie v. Willard City Bd. of Educ.,* 700 F.Supp. 898, 901 (N.D.Ohio 1987).

The issue before this Court is the determination of dischargeability regarding Plaintiff's purported tax liabilities. The Court must answer the question of whether the Debtor's failure to file a tax return before the IRS properly assessed the tax liability renders the tax liabilities non-dischargeable per § 523(a)(1)(B)(i) for failure to file a return.

Debtor argues that the Court should only look to the plain language of § 523(a)(1)(B). See *U.S. v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). That is, because the statute requires only that the debtor file a tax return, not a timely tax return, it is irrelevant how late the tax return was filed. However, this argument begs the question of whether the Plaintiff filed the 1040 forms so late that they would no longer constitute a "return" as that term was intended in § 523(a)(1)(B).

■ This Court has not found any cases addressing the precise issue here, where the return was filed after assessment,[1] but there is a recent case from this District which dealt with a similar issue. *In re Sullivan,* 200 B.R. 327, 330 (Bankr.N.D.Ohio 1996). In *Sullivan,* the debtor did not timely file his income tax returns for 1981 through 1984. On February 28, 1991, the IRS sent the debtor a statutory notice of deficiency, called a "90-day letter." This notice set forth the debtor's tax obligations. The debtor took no action within the 90-day period. Approxi-

mately one week after the expiration of the 90-day period, the debtor filed 1040 forms for tax years 1981 through 1984. Approximately six weeks later, the IRS assessed the taxes and additions to taxes set forth in its 90-day letter. Thus, the facts in *Sullivan* are similar to those in the case at bar, except that in *Sullivan* the late return was filed after the 90 day letter but before assessment, whereas in the present case the late returns were filed after assessment.

In *Sullivan,* the crux of the IRS's argument was that the debtor filed too late to qualify as a return because the debtor had lost the ability to self assess, or that it would be unfair to the IRS to permit him to do so. *Id.* at 332. The Court disagreed, based in large part upon the fact that debtor's 1040 forms were not nullities under the law, because they had a legal effect under the Internal Revenue Code. *Id.* The Court explained that the 1040 forms had the effect under 26 U.S.C. § 6501(a) of commencing a three-year limitation period for the IRS's assessment. The Court explained:

> Whatever its view of the Debtor's actions, this Court cannot import into section 523(a)(1)(B)(ii) a qualification not imposed by Congress *unless it appears that the Debtor's 1040's were filed too late to qualify as 'returns' under the Internal Revenue Code.* But there is nothing in the tax law which supports the argument that the Debtor's 1040's were nullities and therefore would not qualify as returns. The IRS conceded that the Debtor's 1040's were effective to commence the three-year assessment period under section 6501(a). Therefore, the Debtor's 1040's were not only in form a 'return' for tax law, as stipulated by the IRS, but constitute a return for purposes of section 6501(a) and (c) as well. Whether or not assessment is solely within the control and discretion of the IRS, it is an important event whose timing ... can be limited by the taxpayer filing a return, however late.

*Id.* at 332 (emphasis added).

■ In this case, Plaintiff's filings of the 1040 forms more than seven years after the

---

1. It should be noted that the law is well established that the IRS's filing of a substitute for return does not constitute the filing of a "return" per section 523(a)(1)(B), at least in the absence of the debtor's assistance or signature on the substitute for return. See *In re Rank,* 161 B.R. 406 (Bankr.N.D.Ohio 1993).

IRS's assessment of his tax liabilities had no effect under the Internal Revenue Code. The objective of the federal income tax return is to self-report and to allow the IRS to assess [2] the taxpayer's tax liability. *Commissioner v. Lane–Wells Co.*, 321 U.S. 219, 223, 64 S.Ct. 511, 513, 88 L.Ed. 684 (1944). A return is not a return within the meaning of the Internal Revenue Code unless it contains information from which tax liabilities can be calculated and assessed. *United States v. Wunder*, 919 F.2d 34, 35 (6th Cir.1990), citing *United States v. Mundt*, 666 F.2d 1029 (6th Cir.1981) and *United States v. Evanko*, 604 F.2d 21, 23 (6th Cir.1979) *cert. den.* 444 U.S. 1024, 100 S.Ct. 685, 62 L.Ed.2d 657 (1980). In *Beard v. Commissioner*, 82 T.C. 766, 777, 1984 WL 15573 (1984) aff'd, 793 F.2d 139 (6th Cir. 1986), the Court determined whether or not a particular document constituted a tax return for purposes of section 26 U.S.C. § 6651(a)(1). In making this determination, the *Beard* Court cited the following essential elements for a document to be a return: there must be sufficient data to calculate tax liability, the document must purport to constitute a return, there must be an honest and reasonable attempt to satisfy the requirements of the tax law, and the taxpayer must execute the return under penalties of perjury. *Id.*; see *Badaracco v. Commissioner*, 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984); *McDonald v. United States*, 315 F.2d 796, 800 (1963) ("Perfect accuracy or completeness is not necessary to rescue a return from nullity ....") (citing *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180, 55 S.Ct. 127, 131, 79 L.Ed. 264 (1934)).

In the case at bar, this Court can find no justification for a finding that a return filed seven years after assessment was intended to be an honest and reasonable attempt to satisfy the requirements of the tax law. Therefore, this Court holds that it would be inequitable in this case to allow it to constitute a tax return under bankruptcy law. Accordingly, and pursuant to the court's analysis of legal authority in *Sullivan*, this Court finds that the Plaintiff did not file a "return" pursuant to § 523(a)(1)(B), and the debt is therefore non-dischargeable pursuant to section 523(a)(1)(B)(i).

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment of Robert S. Mickens be, and is hereby, *DENIED.*

It is **FURTHER ORDERED** that the Motion for Summary Judgment of the United States be, and is hereby, *GRANTED.*

---

**2.** Prior to an assessment being made, the IRS first sends a notice of deficiency, a.k.a. 90-day letter, to the taxpayer. 26 U.S.C. § 6212. The taxpayer is then given ninety days to file a petition in the Tax Court requesting a redetermination of the deficiency. 26 U.S.C. § 6213(a). During this statutorily imposed ninety day period, the IRS is precluded from making any assessment of the tax deficiency. *Id.* Following these actions, the tax is assessed along with appropriate interest and penalties. The consequences of an assessment are analogous to a judgment. *Bajenski v. Chivatero*, 818 F.Supp. 1085, 1088 (N.D.Ohio 1993). Within sixty days upon entering the assessment, the IRS is to send the taxpayer a notice of assessment and demand for payment. 26 U.S.C. § 6303. If the taxpayer failed to file a petition in Tax Court within the ninety day period, his only recourse is to pay the tax and, if he disputes the IRS' determination, file for a refund in district court or U.S. Court of Federal Claims. 26 U.S.C. § 7422(a); 28 U.S.C. § 1346(a). See *Sullivan*, 200 B.R. at 328; see also *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (explaining history of the suit for refund).