**In re Richard Donald OLSON, Debtor.**

**Richard Donald Olson, Plaintiff,**

v.

**United States of America, Internal Revenue Service, Defendant.**

Bankruptcy No. 005008–9P7.

Adversary No. 00–265.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 22, 2001.

Robert C. Hill Jr., Robert C. Hill Jr., Attorney at Law, Ft. Myers, FL, for plaintiff.

Marika Lancaster, U.S. Department of Justice, Washington, DC, for defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

### (Doc. No. 12 and Doc. No. 14)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a Chapter 7 case and the matter under consideration is the dischargeability, vel non, of the income tax liability of Richard Donald Olson (Debtor) for the tax years 1990, 1991, 1992 and 1993. This adversary proceeding was commenced by a Complaint filed by the Debtor against the United States of America, Internal Revenue Service (The Government). The parties have agreed that the Debtor's tax liability for 1993 is not within the exception to discharge as set forth is 11 U.S.C. § 523(a)(1). This leaves for consideration the dischargeability, vel non, of the 1990, 1991 and 1992 taxes.

The instant matter is presented for this court's consideration by Motions for Summary Judgment, one filed by the Debtor on December 21, 2000, and one filed by the Government on January 22, 2001. Each party contends that based on the undisputed facts, it is entitled to a judgment in its favor as a matter of law. The facts as appear from the record can be briefly summarized as follows:

The Debtor did not file a 1040 Income Tax Return for the years 1990, 1991 and 1992. In February 1995 the IRS filed on behalf of the taxpayer Debtor what is called a substitute for return (SFR), commonly referred to as a dummy return

which the IRS prepares from information independently obtained by the IRS and not obtained from the Debtor. According to the SFR, the Government assessed an income tax liability for the year 1990 in the amount of $45,912.82, for 1991 in the amount of $125,761.24, and for 1992 in the amount of $44,388.98. After the Government assessed these taxes based on the SFR, the Debtor filed his own returns for the years in question in which he stated that he is indebted to the Government for the year 1991 in the amount of $1,217.00 plus an estimated $76.00 penalty (apparently for a non-filed estimated tax return). Further, he stated that his tax liability for 1991 is in the amount of $3,836.00 plus $473.00 for non-filed estimated tax returns; and for the year 1992 that his liability is in the amount of $6,340.00 plus $103.00 for non-filed estimated tax returns.

The claim of nondischargeability urged by the Government is based on Section 523(a)(1), which provides:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

  (1) for a tax or a customs duty—

  (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

  (B) with respect to which a return, if required—

  (i) was not filed . . .

While the Debtor admits that he did not file a timely return for the tax years in question, he contends that the tax liabilities are dischargeable because he did file an actual tax return, albeit more than two years after they were due; therefore, the Government's contention that this is a tax within the exception is without merit.

In response, the Government contends that under the applicable law, a return filed by a taxpayer after the Government has filed an SFR and made an assessment based on the SFR is not deemed to be a return within the meaning of Section 523(a)(1). Therefore, the Debtor is liable for unpaid taxes as determined by the SFR and the debt is nondischargeable. In support of this proposition, the Government cites *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029 (6th Cir.1999). The Court of Appeals in *Hindenlang* held that a substitute return is a nullity and is deemed to be a non-filed return; therefore, an actual return filed by the taxpayer after the Government assessed the taxes serves no purpose and should be disregarded. Under this scenario, the liabilities are nondischargeable pursuant to Section 523(a)(1)(B).

In support of his position, the Debtor argues that in *Griffith v. United States (In re Griffith)*, 206 F.3d 1389 (11th Cir.2000), the Eleventh Circuit held that the mere non filing of a tax return is insufficient by itself to declare the debt involved to be nondischargeable, and the Government has the burden to establish that the tax payer willfully attempted in any manner to evade or defeat the tax.

The difficulty with the position urged by the Debtor should be evident when one considers the basis of a claim of nondischargeability asserted by the Government. The Government does not rely on Section 523(a)(1)(C) but the claim is based on Section 523(a)(1)(B)(i) which applies in instances where the taxpayer did not file a return and, according to *Hindenlang*, in the present instance no return has been filed.

The Debtor contends, however, that *Hindenlang* is wrong and if accepted would produce an absurd result. This is so because if the substitute return is not a

return and the actual filed return is no long acceptable as a return, then in this particular instance no return has been filed by anyone. Therefore, no liability for unpaid taxes has been established. According to the Debtor, Congress could not have intended this result and, further, if Congress has intended to specifically deal with returns filed after assessment it would have done so. Thus, the Debtor urges that this Court should not read into the exception something which is not there. Therefore, the liability as shown on the return ultimately filed by the Debtor should be the amount of the liability and should be discharged.

This Court considered the respective positions advanced by the parties and the provision of the Internal Revenue Code, 26 U.S.C. § 6020(b) which provides that an assessment made by the Government based on a substitute return is a proper determination for a taxpayer's liability and is a valid assessment. In this light, the Government points out that when the taxpayer was notified by the IRS with the so-called 90–day letter, the taxpayer had a right to challenge the liability in the Tax Court. The Debtor did not do so. The Debtor did not file an actual return for the years in question until the Government had already made the assessments.

Based on the foregoing, and having heard argument of counsel and reviewed the record, this Court is satisfied that the Government's position is well taken and the tax liabilities of the Debtor as determined by the SFR for the years in question are within the exception to discharge pursuant to Section 523(a)(1)(B)(i).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Government be, and the same is hereby, granted and the tax liability owed by the Debtor for the years 1990, 1991 and 1992 in the amounts stated in the assessment by the IRS are nondischargeable. A separate final judgment will be entered in accordance with the foregoing.