**UNITED STATES of America,**
**Appellant,**

v.

**Max RALPH, et al., Appellees.**

**No. 8:00–CV–1957–T–17MAP.**

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 16, 2001.

Carol Koehler Ide, United States Department of Justice, Tax Division, Washington, DC, for appellant.

Steven mark Fishman, Law Office of Steven M. Fishman, Safety Harbor, FL, for appellees.

## ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on the appeal of the Bankruptcy Court's Order finding that the federal income tax liabilities of Debtor Donna Ralph, for the tax years 1987, 1988 and 1989 are dischargeable. Appellant filed a brief (Dkt. 4). Appellees did not file a brief, and did not respond to the Court's Order to Show Cause (Dkt. 5).

■ The standard of review to be exercised by the Court as to issues of law is *de novo*. Findings of fact shall not be set aside unless clearly erroneous.

The facts of this case are undisputed. Debtor Donna Ralph did not timely file tax returns for 1987, 1988 and 1989. The Internal Revenue Service prepared "substitutes for return" for those years, pursuant to 26 U.S.C. Sec. 6020(b). In 1991, the IRS mailed Debtor notices of the proposed tax liabilities, with computations (30–day letters). When the Debtor did not respond to the 30–day letters, the IRS mailed Debtor notices of deficiency (90–day letters). Debtor did not file a petition in the United States Tax Court; therefore, tax liabilities were assessed on December 9, 1992 for 1987 and 1988, and on May 11, 1992, for 1989.

Debtor did not contact the IRS about the tax returns for 1987, 1988 and 1989 until 1995. Debtor testified that she filed Forms 1040EZ because the IRS initiated a program to encourage non-filers to file their tax returns by granting them leniency, and she had not filed timely because she did not have the money to pay the tax due. The tax returns list amounts for wages, exemptions and tax due that are almost identical to the amounts previously determined by the IRS.

Debtors initiated bankruptcy proceedings on March 30, 1999, including an adversary proceeding to determine the dischargeability of Debtor Donna Ralph's tax liabilities for 1987, 1988 and 1989. On August 17, 2000, Judge Glenn entered Findings of Fact, Conclusions of Law and Memorandum, and a Final Judgment, holding that the United States did not meet its burden of proving the tax liabilities are excepted from discharge.

*Discussion*

Section 727 of the Bankruptcy Code provides that the bankruptcy court shall grant a debtor a discharge of all debts unless the Code otherwise provides an exception. Section 523(a)(1)(B)(i) of the Code does provide an exception. A Section 727 discharge "does not discharge an individual debtor from any debt...for a tax...with respect to which a return, if required...was not filed."

■ The IRS may prepare a "substitute for return" pursuant to IRC Section

6020(b): "If any person fails to make any return required by any internal revenue law...at the time prescribed therefor,...the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." Substitutes for return are not "returns" for purposes of Bankruptcy Code Section 523(a)(1)(B).

■ In order to constitute a constructive tax return for purposes of dischargeability under 11 U.S.C. Sec. 523(a)(1)(B)(i), a document must: 1) purport to be a return; 2) be executed under penalties of perjury; 3) contain sufficient data to allow calculation of tax; and 4) appear on its face to constitute "an honest and reasonable attempt to satisfy the requirements of the tax law." *Germantown Trust Co. v. Commissioner of Internal Revenue*, 309 U.S. 304, 308, 60 S.Ct. 566, 84 L.Ed. 770 (1940).

The dispute in this case revolves around whether the Forms 1040EZ filed by Debtor Donna Ralph in 1995 constitute an honest and genuine endeavor to satisfy the law. Appellant argues that since the Forms were filed after assessment, they serve no purpose.

■ In determining whether a document constitutes a "tax return," courts place great weight on the taxpayer's cooperation in the audit process, consent to immediate assessment, and assistance in the calculation of the tax liability. *In re Mickens*, 214 B.R. 976, 978 (N.D.Ohio 1997); *Matter of Berard*, 181 B.R. 653, 657 (Bankr.M.D.Fla.1995). In this case, there is no evidence of cooperation.

■ The Court has examined the record of the Final Evidentiary Hearing, including the deposition testimony of Debtor Donna Ralph. The Court notes that Donna Ralph testified that her wages were garnished for unpaid tax liabilities (Deposition, p. 13, L.9). The factual situation in this case is similar to that of *In re Hatton*, 220 F.3d 1057 (9th Cir.2000). In that case, the Ninth Circuit Court of Appeal said:

> "Neither the installment agreement nor the substitute return represent an honest and reasonable attempt to satisfy the requirements of the tax law....It is undisputed that Hatton never attempted to cure this failure [to file a return] until after the IRS assessed his tax deficiency and initiated a delinquency investigation. It was only after the IRS threatened to levy his wages and bank account and seize his personal property that Hatton elected to cooperate with the IRS....Hatton's belated acceptance of responsibility...does not constitute an honest and reasonable attempt to comply with the requirements of the tax law."

*In re Hatton*, 220 F.3d 1057, 1061 (9th Cir.2000).

In the Final Order, in finding that Debtor Ralph filed her returns in good faith, Judge Glenn followed *In Re Nunez*, 232 B.R. 778 (9th Cir. BAP 1999). *Nunez* cites *In re Hatton*, 216 B.R. 278 (9th Cir. BAP 1997), a decision which was later reversed by the Ninth Circuit Court of Appeal.

The Court concludes that Appellant met its burden of establishing that the Forms 1040EZ filed by Debtor Donna Ralph after assessment served no purpose. Based on the facts of this case, the Court concludes that the decision of the Bankruptcy Court should be reversed, and the tax liabilities of Debtor Donna Ralph for 1987, 1988 and 1989 are not discharged. Accordingly, it is

**ORDERED** that the Final Judgment of the Bankruptcy Court is **reversed** and Debtor Donna Ralph's federal income tax liabilities for 1987, 1988 and 1989 are not discharged.