**In re Bernard Abraham WEINTRAUB, Debtor.**

**Bernard Abraham Weintraub, Plaintiff,**

**v.**

**Internal Revenue Service, Defendant.**

**Bankruptcy No. 01–09839–6J7.**
**Adversary No. 01–00251.**

United States Bankruptcy Court,
M.D. Florida.

Dec. 19, 2002.

David R. Grace, Lake Mary, FL, for Debtor.

Robert E. Thomas, Winter Park, FL, Chapter 7 Trustee.

1. Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

*MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT BY THE UNITED STATES*

KAREN S. JENNEMANN, Bankruptcy Judge.

In its motion for summary judgment and reply (Doc. Nos. 9 and 15), the United States argues that the debtor's tax liability for the years 1992 and 1993 should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B)(i) because the debtor's late filed Forms 1040 were not "returns" within the meaning of section 523.[1] In his response, the debtor, Bernard Abraham Weintraub, argues that his late filed Forms 1040 were "returns" within the meaning of section 523 and that his tax liability should be discharged (Doc. No. 13). For the reasons discussed in this opinion, the Court grants the United States' motion.

For many years, starting as early as 1989, Weintraub was associated with a group of tax protesters. The group met once a month and discussed the texts and recommendations of tax protesters who advised individuals how to avoid paying their taxes. Based on these teachings, from 1992 through 1995, Weintraub failed to file his federal income tax returns or pay fully his federal income tax liabilities.[2] In 1992, Weintraub's taxable income was $57,975. Based on the numerous exemptions declared by Weintraub, the IRS only withheld $4,042 of Weintraub's taxable income. In 1993, Weintraub's taxable income was $73,520, and the IRS only withheld $1,833 of Weintraub's taxable income.

In 1994 and 1995, after noting that Weintraub had failed to timely file tax

2. The United States concedes that Weintraub's tax liability for the tax years 1994 and 1995 are dischargeable.

returns for the tax years 1992 and 1993, the IRS sent Weintraub a notice of deficiency for each year. Weintraub failed to respond to either notice. As a result, the IRS prepared two Substitutes for Return ("SFR") on behalf of Weintraub. For the 1992 tax year, the IRS assessed a $14,493 tax liability against the debtor. For the 1993 tax year, the IRS assessed a $19,233 tax liability. Weintraub never challenged the accuracy of the assessment. However, sometime in 1996, Weintraub sent the IRS what was purported to be individual income tax returns for 1992 and 1993.[3] Weintraub used the proper form, a Form 1040, and listed his tax liability in approximately the same amount as the IRS had previously assessed it in its SFRs.[4]

Based on Weintraub's belated acknowledgement of his responsibility to pay his taxes, demonstrated by the Forms 1040, the IRS agreed to enter into an installment plan that allowed the debtor to make payments over time. Weintraub was unable to make these payments, eventually defaulted, and subsequently filed this Chapter 7 petition on October 4, 2001. Weintraub still owes substantial sums for his 1992 and 1993 tax liability and filed this adversary proceeding seeking to discharge his federal income tax liability under section 523(a)(1).

In its motion for summary judgment, the United States argues that, as a matter of law, Weintraub is not entitled to a discharge of his tax liability because the Forms 1040 he filed for the tax years 1992 and 1993 do not constitute legal "returns" within the meaning of section 523(a)(1)(B)(i). The United States argues that, in order for a Form 1040 to be a return, the document must be an honest and reasonable attempt to satisfy the requirements of the tax law. The Forms 1040 filed by Weintraub were not honest and reasonable attempts to satisfy the requirements of the tax law because, when the forms were filed, they no longer served any tax purpose under the Internal Revenue Code. The IRS already had assessed the tax liability pursuant to the SFRs prepared on behalf of Weintraub.

In response, Weintraub argues that his Forms 1040 *do* serve a purpose under the Internal Revenue Code, and, therefore, must constitute "returns" within the meaning of section 523. Weintraub notes that the preparation by the IRS of a SFR does not relieve a taxpayer from the obligation to file a return. Nor, Weintraub argues, does the SFR exempt the taxpayer from civil and criminal penalties for failure to file. If a taxpayer fails to file a tax return, even after the IRS prepared an SFR, according to the tax code, the taxpayer is liable for fines and imprisonment. The debtor argues that the filing of his Forms 1040, albeit late, absolved his criminal and civil liability, and therefore, the Forms 1040 must serve a purpose under the tax code and must be "returns" within the meaning of section 523.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party

---

**3.** The debtor has not produced a signed copy of his 1992 Form 1040; however, for the purpose of this ruling, the Court assumes the debtor filed signed 1040 Forms for both tax years, 1992 and 1993, sometime after October 7, 1996.

**4.** Weintraub's Form 1040 for 1992 states his total tax liability is $14,317; the SFR for the same year reflected a tax liability of $14,493. Weintraub's Form 1040 for 1993 states his tax liability is $19,031; the SFR for the same year reflected a tax liability of $19,233.

bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the nonmovant, and resolve all reasonable doubts in that party's favor. *Key West Harbour v. City of Key West,* 987 F.2d 723, 726 (11th Cir.1993); *Spence v. Zimmerman,* 873 F.2d 256, 257 (11th Cir.1989). Weintraub submitted no affidavit contesting any fact asserted by the IRS. Therefore, the Court concludes no material factual dispute exists and can proceed to the issue of whether the United States is entitled to summary judgment as a matter of law.

The general rule is that a debtor who files a Chapter 7 bankruptcy petition is discharged from personal liability for all debts incurred before the filing of the petition, including those related to unpaid taxes. 11 U.S.C. § 727(b). The Bankruptcy Code, however, lists several exceptions to the general rule. For example, section 523(a)(1) excepts certain tax debts from discharge, including a tax for which a return was not filed. 11 U.S.C. § 523(a)(1)(B)(i). According to section 523(a)(1), a tax liability is excepted from discharge if: (1) the tax underlying the tax liability debt required a return; and (2) the debtor failed to file the required return.

■ Weintraub does not dispute that he was required to file tax returns for the tax years 1992 and 1993. The issue is whether the Forms 1040 belatedly filed by Weintraub after the IRS already had prepared a SFR for each tax year and made tax assessments are "returns" within the meaning of section 523(a)(1)(B)(i). While the Bankruptcy Code does not define "return" under section 523, every federal appellate court that has considered the question has accepted the definition developed by the U.S. Tax Court in *Beard v. Commissioner,* 82 T.C. 766, 1984 WL 15573 (1984). According to *Beard,* for a document to qualify as a return, the document must: (1) purport to be a return; (2) be executed under penalties of perjury; (3) contain sufficient data to allow calculation of tax; and (4) constitute an honest and reasonable attempt to satisfy the requirements of the tax law. *In re Hatton,* 220 F.3d 1057 (9th Cir.2000); In *re Hindenlang,* 164 F.3d 1029 (6th Cir.1999); *In re Bergstrom,* 949 F.2d 341 (10th Cir.1991). This Court adopts the four-part test set forth in *Beard* to use in determining whether a debtor's late filed Forms 1040 are returns within the meaning of section 523.

■ Therefore, the question is whether Weintraub's late filed Forms 1040 constitute "returns" under this standard. Clearly, the Forms 1040 purport to be returns and contain sufficient data to allow the calculation of tax liability. Further, for the purpose of this opinion, the Court assumes the Forms 1040 were executed under penalty of perjury. The remaining issue is whether the Forms 1040 constitute an honest and reasonable attempt to satisfy the requirement of the tax law.

The Ninth Circuit Court of Appeals, in *Hindenlang,* held that a late filed Form 1040 is *not* an honest and reasonable attempt to satisfy the requirements of the tax law, if, when the form is filed, the form no longer serves any tax purpose under the Internal Revenue Code. *Hindenlang,* 164 F.3d 1029; *See also In re Washburn,* 2002 WL 31002916, 2002 Bankr.LEXIS

903 (Bankr.M.D.Fla.2002) (The bankruptcy court granted the government's motion for summary judgment, excepting from discharge the debtor's tax liability, finding that the debtor's Forms 1040, filed late and after the IRS made its assessment, were not honest and reasonable attempts to satisfy the tax law because the late filed Forms 1040 served no purpose under the Internal Revenue Code.); *United States v. Ralph,* 266 B.R. 217 (M.D.Fla.2001) (The debtor's tax liability was excepted from discharge when the Court found that the late filed Form 1040 was not an honest an reasonable attempt to satisfy the tax law because the Form 1040 served no purpose under the tax law.); *In re Olson,* 261 B.R. 752 (Bankr.M.D.Fla.2001) (The bankruptcy court granted summary judgment filed by the government, excepting from the debtor's tax liability from discharge, finding that the debtor's Form 1040 filed late and after the IRS made its assessment served no purpose under the tax law). The Ninth Circuit found that the debtor's Form 1040 served no tax purpose because the forms were filed after the government assessed the deficiency and prepared a SFR. With the SFR, the IRS already had completed the calculations and made a finding of tax liability, which is the responsibility of the taxpayer under law. Rather than timely and voluntarily completing the returns, the debtor waited and merely duplicated the SFR findings on the late filed Forms 1040.

█ This Court agrees with the reasoning of the Ninth Circuit in *Hindenlang* and holds that a late filed Form 1040 is not a "return" within the meaning of section 523(a)(1)(B)(i) if the Form 1040 serves no purpose under the Internal Revenue Code. For example, a late filed Form 1040 may serve a legitimate tax purpose if the form discloses additional income resulting in higher tax liability of which the IRS was not aware when the SFR was prepared.

Other similar circumstances also may merit allowing a late filed tax return to act as a return. However, in the usual case, where taxpayers deliberately ignore their obligation to timely file tax returns, wait for the IRS to prepare SFRs, and then only later file tax returns mimicking the tax liability already assessed by the IRS in order to receive a discharge of that tax liability in a bankruptcy case, no legal purpose is served by filing the tax forms. Indeed, taxpayers would have no incentive to timely file tax returns if the Court accepted the defendant's position. They could simply wait to file tax forms until shortly before a bankruptcy case is filed and receive a discharge.

Weintraub argues, however, that his late filed Forms 1040 *do* serve a purpose under the Internal Revenue Code. Weintraub asserts that his late filed Forms 1040 relieved him from criminal and civil liability for the willful failure to file a tax return. The Court disagrees. The late filing of a document purporting to be a return does not remove criminal or civil liability. The late filed Form 1040 has no effect on the imposition of criminal or civil liability, if the IRS chooses to seek such sanctions. *In re Hindenlang,* 164 F.3d 1029. The willful failure to file a timely return is a misdemeanor under 26 U.S.C. § 7203 and, if the elements of the crime are proven, the taxpayer could be charged criminally. The taxpayer already had willfully failed to file timely. The civil and criminal sanctions are available for the IRS to pursue, regardless of whether Forms 1040 are later filed or not.

The debtor contends that, because SFRs cannot act as substitute returns for the purpose of eliminating a taxpayer's civil or criminal liability as held by the Fifth Circuit Court of Appeals in *United States v. Lacy,* the late filed tax forms must have some purpose. In *Lacy,* the Fifth Circuit

addressed the issue of whether the preparation by the IRS of a SFR relieves the taxpayer from criminal liability. The Fifth Circuit specifically held that the statutory authority giving the IRS the ability to assess tax liability was not intended by lawmakers to absolve or mitigate liability for the willful failure to file. *Id.* Therefore, the taxpayer was not relieved of his criminal liability for the willful failure to file even though the IRS prepared an assessment. However, the Fifth Circuit did not address, even tangentially, whether the late filed tax forms constitute "returns" under Section 523. This Court, following the great majority of other courts, holds these belated Forms 1040 have no legal purpose and are *not* returns.

For these reasons, the Court finds that Weintraub's late filed Forms 1040 are not honest and reasonable attempts to comply with the requirements of the tax laws because they serve no purpose. They were filed after the IRS had prepared SFRs and were for an almost identical tax liability. Weintraub's late filed Forms 1040 are not returns within the meaning of section 523(a)(1)(B)(i). He cannot receive a discharge for the tax years 1992 and 1993. The Court grants the United States' motion for summary judgment excepting Weintraub's tax liability for the tax years 1992 and 1993 from discharge. A separate order consistent with this opinion shall be entered.